AO 442 (Rev. 10/03) Warrant for Arrest

# United States District Court
## MIDDLE DISTRICT OF TENNESSEE (NASHVILLE DIVISION)

UNITED STATES OF AMERICA

v.

MARINO B. SCOTT

**CRIMINAL COMPLAINT**

Case Number: 06-2087 MK

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 29, 2006 in Dickson County, in the Middle District of Tennessee defendant(s) did,

Assist Charlie DeWayne Scott and Terrell P. Marion in avoiding apprehension, knowing that they had committed a federal offense

in violation of Title 18 United States Code, Section(s) 3. I further state that I am a Task Force Officer with the FBI and that this complaint is based on the following facts:

See Attached Affidavit

Continued on the attached sheet and made a part hereof: ■ Yes ☐ No

Signature of Complainant
Name of Agent
Title, Name of Agency

Sworn to me and subscribed in my presence,

August 30, 2006 at Nashville, Tennessee
Date                          City and State

E. Clifton Knowles, United States Magistrate Judge
Name & Title of Judicial Officer          Signature of Judicial Officer

## STATEMENT IN SUPPORT OF COMPLAINT

I, Keith M. Sutherland, being duly sworn, do hereby state the following:

1. I have been in law enforcement for thirteen (13) years. I am currently a detective with Metropolitan Nashville Police Department (MNPD) and am currently assigned to the Federal Bureau of Investigation (FBI) Violent Crime/Gang Task Force (VCGTF) in Nashville, Tennessee (TN). I am currently deputized as a Special Federal Officer/Special Deputy United States Marshall. One of my duties is to investigate bank robberies and related matters under Title 18, United States Code (USC), Section 2113 occurring in the Middle District of Tennessee.

2. The facts contained in this complaint are based on first hand knowledge or information learned during this investigation from other law enforcement sources, bank employees, or witnesses related to the bank robbery investigation. The complaint does not provide each and every detail known by your affiant regarding this investigation, but rather provides information necessary to establish probable cause for the offense. Except where indicated, all statements referred to below are set forth in substance and in part, rather than verbatim.

3. Title 18, United States Code, Section 2113(a) makes it an offense for any person, by force and violence, or by intimidation, to take or attempt to take from the person or presence of another, any property or money or any thing of value belonging to, or in the care, custody, control, management, or possession of any bank the accounts of which are insured by the Federal Deposit Insurance Corporation (FDIC). Title 18, United States Code Section 3 makes it an offense to assist one who has committed a federal offense to avoid apprehension.

4. On August 29, 2006, at approximately 10:00a.m., two (2) male African Americans, hereinafter referred to as "robbers", entered the Regions Bank, 3325 West End Nashville, Tennessee 37203, and immediately entered behind the teller row area, authorized area for bank employees only. The bank employees were afraid to try to stop the robbers.

5. Both of the robbers were dressed in camouflage outfits, head to toe, to include facial covering. One (1) of the robbers was armed with a screwdriver, which he used to pry open three (3) teller drawers. The other robber was carrying a blue plastic container.

6. As one (1) of the robbers removed money from the pried open teller drawers, he would place the money in said blue plastic container. The robbers unknowingly took bait money and several bank robbery dye packs.

7. Both robbers exited the bank and entered a maroon four (4) - door vehicle that was parked just outside the bank. Bank employees watched as one (1) on the robbers backed said maroon vehicle up, striking a concreted barrier rendering said maroon vehicle inoperable.

8. As the two (2) robbers fled the maroon car, bank employees saw red smoke coming from the interior of said car.

9. Said maroon vehicle was recovered in the parking lot of the Regions Bank. This vehicle was reported stolen from Nashville, Davidson County, Tennessee, prior to this bank robbery.

10. Bank employees witnessed said robbers exit said maroon vehicle and run eastbound on Orleans Drive. Said bank employees physically chased after the robbers only to loose sight of them. Separate witnesses saw the two (2) robbers continue running on 33rd Avenue South.

11. A separate witness advised one (1) of the two (2) aforementioned bank employees that he saw two (2) male African Americans drive away in a vehicle described as "gold and box shaped, resembling a late model Monte Carlo." Said separate witness advised that he saw the gold vehicle travel towards downtown Nashville, east bound.

12. FBI VCGTF investigators interviewed a witness who stated that he witnessed two (2) male African Americans removing camouflaged clothing as they entered a "brown box shaped car." Said witness stated that the direction of travel was on 33rd Avenue towards West End at a high rate of speed.

13. As investigators with the FBI VCGTF were conducting interviews with witnesses and Regions Bank employees, they were telephonically contacted by members of the 23rd Judicial Drug Task Force, Dickson County Tennessee. The 23rd Judicial Drug Task Force advised that they had stopped a gold Mercedes for traffic violations on Interstate 40, west bound near mile marker 172. Said traffic stop occurred approximately one (1) hour after the aforementioned bank robbery.

14. Subsequent investigation by the 23rd Judicial Drug Task Force revealed that the driver of said gold Mercedes, Marino Scott, has no valid driver's license and that the Mercedes was reported stolen out of Florida. Also located in said Mercedes was a bag of green leafy substance opined to be Marijuana.

15. Subsequent search of said Mercedes located a plastic bag, Wal-Mart, under the hood of the vehicle. Inside this plastic bag was approximately $3078 in United States Currency. This currency was heavily stained in bank robbery dye. Also in the bag was a camouflaged face covering.

16. Some of the aforementioned currency was wrapped in denomination straps marked "REGIONS BANK TELLER", "AUG 28 2006", "WEST END NASHVILLE, TN", "24909/103/" this binder also has the initials "EC" handwritten on it.

17. Of the four (4) occupants of the Mercedes, one (1) was female, Allison T. Williams, female African American, the three (3) remaining passengers are; Charlie Dewayne Scott male African American, Marino Bernard Scott male African American and Terrell Paris Marion male African American.

18. The physical descriptions of Charlie Dewayne Scott and Terrell Paris Marion match that of the two aforementioned robbers.

19. Marino Scott was read his Miranda Rights waiver from a pre printed FBI form. Marino agreed to participate in an interview and signed the aforementioned pre printed FBI form in the applicable area. Marino stated that he was in total control of the aforementioned gold Mercedes since he woke up at approximately 6:00 a.m., on August 29, 2006.

20. On August 29, 2006, at approximately 3:00 p.m., patrol officers with the MNPD located a gold Oldsmobile Cutlass at 2000 24th Avenue South Nashville, Tennessee. This vehicle was also reported stolen in Nashville, Tennessee on August 29, 2006.

21. Located inside the aforementioned Oldsmobile Cutlass were a ten ($10) bill and a camouflage head covering. The aforementioned ten ($10) dollar bill was stained with red bank robbery dye.

22. Initial loss was estimated at $18,437 in United States currency. Recovered at the scene of the bank robbery was approximately $15,316 in United States currency. Recovered in the aforementioned gold Mercedes was approximately $3078 in United States Currency. Located inside the aforementioned gold Cutlass was approximately $10 in United States Currency. Total monies unaccounted for is approximately $33 dollars.

23. The aforementioned bank robbery occurred in Nashville, Davidson County, located in the Middle District of Tennessee.

24. Based on the forgoing facts, your affiant has probable cause to believe that Charlie Dewayne Scott and Terrell Paris. Marion have committed the offense of Bank Robbery in violation of Title 18, USC, Section 2113(a) and that Marino Scott , committed the offense of being an accessory after the fact in violation of Title 18 United States Code, Section 3 .

25. At the time of this robbery the funds of the regions Bank were insured by the Federal Depository Insurance corporation (FDIC)

26. You Affiant further sayeth not.